ADAMS, Justice
(dissenting).
I respectfully dissent because I cannot agree that a full satisfaction of the plaintiff’s judgment of $16,600 by the plaintiff’s lawyer should bar the recovery of an attorney fee by the plaintiff’s lawyer where the lawyer had filed a petition for an award of an attorney fee prior to this satisfaction, assuming that in this litigation attorney fees could have been awarded. I believe that the effect of the majority’s holding in this case creates unnecessary tension between attorney and client. In the real world of the practice of law, once a client’s case has proceeded to a final judgment, a lawyer is obligated to obtain funds for the client as soon as possible. A lawyer certainly cannot say, “I would go down and get your money, but you are going to have to wait until such time as the court has determined how much it is going to give me as a fee.” The appellees suggest that the attorney should have satisfied the judgment conditionally. However, I know of no court in this state that would release funds *1335 due by judgment with a conditional release, unless agreed to by the other side.
The rule established by the majority in this case could have the effect of making empty promises of those statutes that allow attorney fees. If after the judgment the defendant could rush to the clerk’s office and pay the judgment, in many cases the client would demand satisfaction of that judgment before a hearing could be had on the lawyer’s claim for an attorney fee.
I have written this on the assumption that the Magnusson-Moss Warranty Act, or § 8-10-8, Ala.Code 1975, would apply. The attorney for the appellee argues that they do not apply, but the record is not fully developed on this issue and the trial judge did not give his reasons for denying the attorney fee.
SHORES, J., concurs.